FILED
10 AUG 10 AM 10:15
U.S. DISTRICT...
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH COUNTY COMMUNICATIONS CORP., a California corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>VERIZON GLOBAL NETWORKS, INC., a Delaware corporation; et al.,<br><br>  Defendants. | CASE NO. 08cv01518 BEN-(WMC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE SECTIONS OF DEFENDANTS' SECOND AMENDED COUNTERCLAIM**<br><br>[Dkt. No. 67] |

## INTRODUCTION

Before the Court is Plaintiff North County Communications Corporation's ("North County's") Motion to Strike certain paragraphs in the Second Amended Counterclaim of Defendants Verizon Global Networks., MCI Communications Services, Inc., dba Verizon Business, and MCIMetro Access Transmission Services LLC (collectively, "Verizon"). For the following reasons, Plaintiff's motion is **DENIED**.

## BACKGROUND

In order to complete a long distance telephone call, long-distance telephone companies, or "interexchange carriers" such as Verizon, contract to use the local network equipment of "competitive local exchange carriers" such as North County, to connect long-distance calls to end-users. Local carriers charge long-distance companies switched access

- 1 -

charges to connect such calls. The underlying action arises from Verizon's alleged failure to pay $1,300,000 in switched access charges to North County pursuant to North County's tariffs, *i.e.*, rate schedules, filed with the Federal Communications Commission ("FCC") and applicable state utilities commissions and pursuant to FCC Order No. 01-146 released on April 27, 2001. (Second Am. Compl., ¶¶ 29-30.)

On March 31, 2010, Verizon filed a Second Amended Counterclaim against North County, alleging among other things, North County's federal and state tariffs are not recoverable for service rendered to chat-line providers (*i.e.*, high volume operators similar to conference-calling services) (Docket No. 65, ¶¶ 33-43.) Specifically, Verizon alleges that North County engaged in unjust and unreasonable practices under Section 201 of the Communications Act when it charged Verizon for service rendered to chat-line providers. *Id.*

On April 21, 2010 North County moved to strike paragraphs 37, 42, and 43 of Verizon's Second Amended Counterclaim. Verizon filed an opposition, and North County filed a reply.

## DISCUSSION

North County's motion is made pursuant to Federal Rule of Civil Procedure 12(f) and on the grounds that paragraphs 37, 42 and 43 are immaterial, impertinent and prejudicial.

A party may move to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion to strike is to "avoid the expenditure of time and money" that arises from litigating "spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (rev'd on other grounds in Fogerty v. Fantasy, Inc. 510 U.S. 517, 534-535 (1994)). However, motions to strike are generally disfavored by courts. Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd., 647 F.2d 200, 201 (D.C. Cir. 1981); Hayes v. Woodford, 444 F. Supp. 2d 1127, 1132

1  (S.D. Cal. 2006); *see also* RDF Media Ltd. v. Fox Broadcasting Co., 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005) (Motions to strike generally disfavored because pleadings are of limited importance in federal practice and such motions usually used as delaying tactic). In determining a motion to strike, the court must view the pleadings in the light most favorable to the pleader. Patent Trust v. Microsoft Corp., 525 F. Supp. 2d 1200, 1211 (S.D. Cal. 2007); Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).

 *A.   Paragraphs 37 and 42*

Paragraph 37 states, in relevant part,

> [C]hat line providers are also "carriers" within the meaning of NCC's tariffs... Because they are "carriers," they are excluded from the tariff's definition of "end user" and therefore cannot be "end user subscribers"... NCC's delivery of calls to these entities was not switched access service, and Verizon was not legally obligated to pay NCC for this purported service.

Paragraph 42 states, in relevant part,

> [C]hat-line providers are carriers. Therefore they cannot be end users under the tariff, and delivery of traffic to these entities does not constitute switched access service under the tariff.

North County seeks to strike these paragraphs as immaterial, impertinent and prejudical.

"Immaterial" matters are those which have "no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc., 984 F.2d at 1527. "Impertinent" matters are those which "do not pertain, and are not necessary, to the issues in question." *Id.* Courts may grant motions to strike if the allegations at issue have *no* possible relation to the controversy. Friedman v. 24 Hour Fitness USA, Inc., 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008).

Here, allegations relating to whether chat-line providers are "carriers" or whether Verizon is an "end-user" under North County's tariff scheme are not immaterial or impertinent. To the contrary, these allegations directly relate to the ultimate issue of whether Verizon owes North County over $1,300,000 in switched access charges. *See eg;*

- 3 -

1  <u>Northern Valley Communications, LLC v. Qwest Communications Corp.</u>,
2  ___ F.Supp.2d ____, 2010 WL 1931688, at *8 (D. S.D. March 29, 2010) (factual
3  relationship between local carrier, conference calling service and long distance carrier for
4  purposes of switched access charges required further clarification before awarding
5  monetary or declaratory relief). Accordingly, the Court finds that paragraphs 37 and 42 are
6  pertinent to the resolution of this action.

7      North County relies on <u>North County Communications Corp. v. California Catalog</u>
8  <u>& Technology</u>, 594 F.3d 1149, 1159 (9th Cir. 2010) for the position that parties claiming a
9  § 201(b) violation must first present evidence of an FCC decision definitively stating that
10 such section is violated when chat-line providers are charged switched access fees. To the
11 extent <u>California Catalog</u> is applicable to this case, the Court notes the FCC has, in fact,
12 recognized a § 201 claim for traffic-pumping practices such as those alleged in this case.
13 *See* <u>Qwest Communications Corporation v. Farmers and Merchants Mutual Telephone</u>
14 <u>Company</u>, 24 F.C.C.R. 14801, 14813 (F.C.C. November 25, 2009) (conference calling
15 companies did not constitute "end users" under the circumstances of that case and,
16 therefore, could maintain a § 201 claim). Additionally, as previously recognized by this
17 Court and in <u>Farmers Merchant</u>, a determination of this issue is fact-intensive and not
18 appropriate for dismissal at this stage of the case. Therefore, <u>California Catalog</u> does not
19 compel striking paragraphs 37 and 42 from the Second Amended Counterclaim.

20     North County also argues that paragraphs 37 and 42 are "highly prejudicial" and, if
21 included in the Second Amended Counterclaim, "might drastically increase the breadth of
22 potential discovery." For the same reasons explained below, the Court finds these
23 arguments unavailing.

24     B.    *Paragraph 43*

25     Paragraph 43 reads, in relevant part,

26 > As under the federal tariff, there may well be other reasons why
27 > NCC's traffic-pumping arrangements fall outside the scope of
> their intrastate switched access tariffs. Discovery will expose
> these potential issues in greater depth.

28

North County argues that paragraph 43 should be stricken because, if allowed, it would be prejudicial and "manipulat[e] discovery limitations."

Allegations that cause delay, confusion of issues, or unnecessarily complicate the proceedings are examples of prejudice that may properly be stricken. Fantasy, Inc., supra, 984 F.2d at 1528 (district court properly struck lengthy, stale and previously litigated allegations); Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (superfluous pleadings causing unwarranted inferences to be drawn by trier of fact may properly be stricken).

Here, North County fails to demonstrate that the inclusion of paragraph 43 would unnecessarily complicate, delay, or confuse the issues of this case or that North County would be overly burdened in responding to whatever discovery arises from this paragraph. North County also argues inclusion would be prejudicial because it would create "inferences of hosts of other claims hinting illegality by always hiding in the mists of vagueness." (Docket No. 67) North County fails, however, to specify what other claims of "illegality" this paragraph evinces or how such claims would prejudice its case.

Courts resolve any doubt "as to the relevance of the challenged allegations" in favor of the non-moving party, particularly when the moving party demonstrates no resulting prejudice. See supra, Alco Pac., Inc., 217 F. Supp. 2d at 1033; Union Bank, 290 F. Supp. 2d at 1152. Accordingly, for the reasons set forth above, the Court denies North County's motion to strike paragraph 43.

## CONCLUSION

Having considered North County's Motion to Strike and Verizon's opposition thereto, the Court finds that North County fails to satisfy the requirements under Rule 12(f) to strike paragraphs 37, 42 and 43 from Verizon's Second Amended Counterclaim. Accordingly, North County's Motion to Strike paragraphs 37, 42 and 43 is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 9, 2010

Hon. Roger T. Benitez
United States District Court Judge